UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| N.S.W.S., by and through her parent, GUY S., [1] | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:24-cv-1044-MJD-RLY |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, [2] | ) ) ) ) | |
| Defendant. | ) | |

**ENTRY ON JUDICIAL REVIEW**

Claimant N.S.W.S., by and through her parent, Guy S., requests judicial review of the

final decision of the Commissioner of the Social Security Administration ("Commissioner")

denying her application for child's Supplemental Security Income ("SSI") under Title XVI of the

Act.  See 42 U.S.C. § 1382.  For the reasons set forth below, the Court **REVERSES** the decision

of the Commissioner.

---

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano was automatically substituted as the Defendant in this case when he became the Commissioner of the Social Security Administration on May 7, 2025.  **The Clerk shall update the Docket to reflect this change.**

## I. Background

Claimant applied for SSI in October of 2021. [Dkt. 14-5 at 2.] Claimant's application was denied initially and again upon reconsideration, and hearings were held before Administrative Law Judge Patricia Supergan ("ALJ") on October 25, 2022, May 10, 2023, and October 26, 2023. [Dkt. 14-2 at 33, 43, 63.] On January 2, 2024, ALJ Supergan issued her decision in which she determined that Claimant was not disabled. *Id.* at 18. The Appeals Council then denied Claimant's request for review on April 25, 2024. *Id.* at 2. Claimant timely filed her Complaint on June 20, 2024, seeking judicial review of the ALJ's decision. [Dkt. 1.]

## II. Legal Standards

To be eligible for SSI, a child claimant must have a disability pursuant to 42 U.S.C. § 1382c. Disability for a child is defined as having "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

To determine whether a child claimant is disabled, the Commissioner, as represented by the ALJ, employs a sequential, three-step analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the child does not have a medically determinable impairment that is severe, she is not disabled; and, (3) if the child's impairments do not meet, medically equal, or functionally equal one of the Listings [20 C.F.R. Part 416, Subpart P, Appendix 1], the child is not disabled. *See* 20 C.F.R. § 416.924(b)-(d). "The applicant bears the

2

burden of proof at each step of the process." *R.J. ex rel. Taylor v. Colvin*, 2014 WL 1328166, at *2 (S.D. Ind. Mar. 28, 2014).

> In determining whether an impairment (or combination of impairments) of a child functionally equals a listing, the ALJ considers six "domains" of functioning: (1) acquiring and using information; (2) attending to and completing tasks; (3) interacting with and relating to other people; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.

*L.D.R. by Wagner v. Berryhill*, 920 F.3d 1146, 1150-51 (7th Cir. 2019) (citing 20 C.F.R. § 416.926a(b)(1) and *Sanchez v. Barnhart*, 467 F.3d 1081, 1082 (7th Cir. 2006) (in turn quoting *Keys v. Barnhart*, 347 F.3d 990, 991 (7th Cir. 2003)).  An impairment or combination of impairments "functionally equals the listings," if it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a).  A marked limitation in a domain means the child's "impairment(s) interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2)(i).  An extreme limitation in a domain means the child's "impairment(s) interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

In reviewing a claimant's appeal, the Court will reverse only "if the ALJ based the denial of benefits on incorrect legal standards or less than substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020).  While an ALJ need not address every piece of evidence, she "must provide a 'logical bridge' between the evidence and [her] conclusions." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).  Thus, an ALJ's decision "will be upheld if supported by substantial evidence," which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019).  This Court may not

reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Where substantial evidence supports the ALJ's disability determination, the Court must affirm the decision even if "reasonable minds could differ" on whether the claimant is disabled. *Id.*

## III.   ALJ Decision

ALJ Supergan first determined that Claimant had not engaged in substantial gainful activity since the application date. [Dkt. 14-2 at 19.] At step two, the ALJ found that Claimant had the severe impairments of specific learning disability and borderline intellectual functioning. *Id.* At step three, the ALJ found that Claimant's impairments or combination of impairments did not meet or equal a listed impairment. *Id.* The ALJ then found that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the listings. *Id.* at 21. In so finding, the ALJ determined that Claimant had "less than a marked limitation" in the domains of acquiring and using information, attending and completing tasks, and interacting and relating with others, and no limitations in the three remaining domains. *Id.* at 26. Accordingly, ALJ Supergan concluded Claimant was not disabled. Id. at 27.

## IV.   Discussion

Claimant argues that the ALJ erred at step three when she determined that Claimant's impairments do not functionally equal a listed impairment. Specifically, she argues that the ALJ cherry-picked evidence that supported her conclusions regarding the domains of acquiring and using information and attending and completing tasks and failed to properly support her determination that Claimant did not have marked limitations in these domains. The Court agrees.

The ALJ's explanation for her finding that Claimant has a less than marked limitation in acquiring and using information reads as follows:

> The claimant's father testified that the claimant has no memory which makes it difficult for her to learn. The claimant has received special education services under the eligibility of specific learning disability due to insufficient progress in meeting age or grade level standards (Ex. 2F/4; 6F/2). She was in a general educational setting with special education services and accommodations (Ex. 6F/6; 9F; 13F). In the 2021 to 2022 school year she had one hundred and twenty minutes once a week in a virtual setting plus accommodations (Ex. 6F/6)[.] In April 2022 when she switched to in person school, she remained in the general educational setting with twenty-five minutes of reading and twenty minutes of math for four days a week om [sic] a special educational learning environment (Ex. 9F/2, 9). She did not need instructional material in an accessible format, assistive technology or extended school year services (Ex. 9F/8-9). She was in the general educational classroom 94.29 percent and the special education learning environment 5.71. In her fifth grade December 2022 IEP her strengths were being very creative, a critical thinker and dedicates herself to each tasks she is presented (Ex. 13F/21). She takes pride in her art work and is able to create very realistic drawings and pictures (*id*.). Her drawings are very neat. She is meticulous when working on writing assignments. In the December 2022 IEP, she would receive special education support in the general education classroom of 150 minutes per week in ELA (reading and written expression) and 100 minutes per week for math (Ex. 13F/29). She would in [sic] in the general education classroom for 80 percent or more of the day (Ex. 13F/30).

[Dkt. 14-2 at 26.] The Court agrees with Claimant that this explanation is inadequate, for two reasons. First, it provides no actual analysis; it is merely a set of facts. The ALJ does not explain why the facts she sets forth support her conclusion. Does the ALJ believe that a child with a marked limitation in this domain would not be in a general education classroom at all or would be there less than eighty percent of the time? Does Claimant's ability to draw and work without assistive technology mean that she is less than markedly limited in this domain? The ALJ gives no clue as to her thought process.

Second, and just as crucially, the ALJ's summary of facts does not accurately convey the relevant facts of record. The ALJ points to certain statements in Claimant's IEP (Individualized

Education Program) Reports, but leaves out what would seem to be critically important information.  In the IEP Report dated December 2022, which the ALJ also cites, it is noted that Claimant scored at the first-grade level in reading in August 2022, which was the beginning of her fifth-grade year.  [Dkt. 14-8 at 92.]  When tested on November 20, 2022, she tested at the level expected at the end of second grade.  *Id.*  With "much guided practice," Claimant was able to write a five-sentence paragraph, although it lacked a conclusion.  The grade level expectation was "independently write at least 5 paragraphs about a topic using accurate capitalization, punctuation, and spelling."  *Id.* at 93.  In math, Claimant scored at the mid-year second-grade level when tested at the beginning of her fifth-grade year.  The ALJ failed to acknowledge these and other facts of record[3] that relate to Claimant's limitations—other than the general acknowledgement of "insufficient progress in meeting age or grade level standards"—and explain why they do not support a finding of a marked limitation in acquiring and using information.  *Cf. Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) (ALJ's failure to "explain how or why" the positive facts noted in the opinion "trump the evidence" of claimant's deficits was error).

The same deficiency is found in the ALJ's explanation of her finding of a less than marked limitation in the domain of attending and completing tasks, which reads as follows:

> In her December 2021 IEP she was noted as performing at an appropriate age level as evidenced by being able to log on to virtual class, follow directs and interact with her peers online (Ex. 6F/2). She was noted to meet her annual IEP goals the year prior (Ex. 13F/20-21).  She was working toward a Core 40 diploma (Ex. 13F/22).  She would receive special education support in the general education classroom of 150 minutes per week in ELA (reading and written expression) and 100 minutes per week for math (Ex. 13F/29).

---

[3] The Court has not attempted to provide an exhaustive list of facts in the record that the ALJ should have acknowledged and considered, but has merely provided a representative sample.

[Dkt. 14-2 at 26.]  Again, this explanation lacks any analysis and wholly fails to explain why the facts noted support the conclusion reached.  In addition, it again fails to include many relevant facts.  For example, while the December 2021 IEP Report does state that Claimant was performing at an appropriate age level in adaptive behavior because she was "able to log into her virtual zoom class, follow directions, and interact with her peers online," as the ALJ notes, the same Report notes that Claimant requires "small group instruction and testing, extended time, paraphrasing, positive reinforcement, modeling, additional breaks, and frequent monitoring from the teacher."  [Dkt. 14-7 at 419.]  These facts are relevant to Claimant's ability to attend and complete tasks but were not acknowledged by the ALJ.  The same is true of the notes in Claimant's December 2022 IEP Report that she "has a tendency to pause, look confused, and even lose her place quite often while reading due to questioning as she reads," that "[d]uring the assessment, she was encouraged to focus and continue multiple times," and that she requires extra time and guidance to complete math tasks.  [Dkt. 14-8 at 92, 93.]  The fact that Claimant's accommodations include extended time for tests and assignments, shortened assignments, seating away from distractions, and additional breaks is also relevant to assessing Claimant's limitations in this domain, yet are not mentioned by the ALJ in her explanation.

In his response brief, the Commissioner emphasizes the fact that an ALJ is not required to discuss every piece of evidence.  *See* [Dkt. 20 at 7, 10 n.6, and 12] (quoting *Warnell v. O'Malley, 97 F.4th 1050, 1053 (7th Cir. 2024)* ("The ALJ was not required to 'address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning.'") and citing *Crowell v. Kijakazi, 72 F. 4th 810, 815 (7th Cir. 2023)* ("An administrative law judge, however, is not required to spell out in the record

every piece of evidence that he considered and then accepted or rejected.")).  That is an accurate statement of the law.  However, the Court rejects the Commissioner's argument that Claimant's arguments about the evidence ignored by the ALJ in this case amount to mere "nit-picking." [Dkt. 20 at 7.] There is a difference between an ALJ failing to mention **every fact** and an ALJ failing to acknowledge and confront significant evidence of record.  "[A]s with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008).  That simply did not occur in this case.  Remand is thus required.

## V.  Conclusion

For the reasons set forth above, the decision of the Commissioner is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Entry.

SO ORDERED.

Dated:  6 JUN 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on
all ECF-registered counsel of record via
email generated by the Court's ECF system.